**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - DAYTON**

| | | |
|---|---|---|
| **KOSAL TITH** | : | CASE NO.  3:13-cv-284 |
| 1340 Wayne Street, Apt. C | | |
| Troy, Ohio 45373 | : | Judge _____ |
| | | |
| Plaintiff, | : | |
| | | **COMPLAINT WITH JURY** |
| v. | : | **DEMAND ENDORSED HEREON** |
| | | |
| **THYSSENKRUPP MATERIALS NA INC.** | : | |
| 22355 West 11 Mile Road | | |
| Southfield, MI 48033 | : | |
| c/o Statutory Agent | | |
| CSC-Lawyers Incorporating Service | : | |
| 50 West Broad Street, Suite 1800 | | |
| Columbus, Ohio 43215 | : | |
| | | |
| Defendant. | : | |

_____

Now comes Plaintiff, KOSAL TITH ("Mr. Tith"), individually and on behalf of all others similarly situated employees, and hereby sets forth the following allegations against the Defendant THYSSENKRUPP MATERIALS NA INC. ("Defendant").

## I. INTRODUCTION

1.   Claim One of this Complaint is a collective action suit to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2.   Claim One is authorized and instituted pursuant to the FLSA and seeks compensatory and liquidated damages, attorney's fees, taxable costs of court, post-judgment interest, and

other relief allowable in law and equity for Defendant's willful failure to pay overtime wages to Mr. Tith and all other similarly situated employees in the course of their employment with the Defendant.

3.      Claims Two through Five of this Complaint are Ohio state-law claims for which Mr. Tith seeks to serve as class representative.

4.      These actions seek damages, pre- and post-judgment interest, and other relief allowable in law and equity for the Defendant's willful violation of various Ohio laws by wrongfully reducing the recorded amount of time worked on Mr. Tith's and other similarly situated employees time cards.

## II. JURISDICTION AND VENUE

5.      Mr. Tith, on behalf of himself and the Plaintiff class, brings this action to recover unpaid overtime compensation and other wages earned from the Defendant pursuant to the FLSA.

6.      This Court has original jurisdiction to hear this matter pursuant to the following statutes:

a.      28 U.S.C. § 1331, which gives this Court original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States

b.      28 U.S.C. §1367, which gives this Court supplemental jurisdiction over state law claims.

7.      Venue properly lies within the Southern District of Ohio because the acts which are the subject of this matter occurred within this District.

## III. PARTIES

8.      Mr. Tith is a resident of Miami County, Ohio.

2

9.     The Defendant is a validly existing foreign corporation that conducts business in the State of Ohio by placing goods into the stream of commerce and through the sale of production materials and service solutions in the State of Ohio. The Defendant may be served by serving its registered agent specified above.

10.    The Defendant is an employer, as that term is defined in the FLSA, 29 U.S.C. § 203(d) and the Ohio Revised Code ("O.R.C.") § 4112.01(A)(2).

11.    Mr. Tith was at all relevant times an employee as defined in the FLSA, 29 U.S.C. § 203(e) and O.R.C. § 4122.01(A)(3).

## IV. FACTS

12.    As an employer, the Defendant has been subject to the requirements of the FLSA.

13.    Mr. Tith is employed by the Defendant at the Defendant's plant located at 6700 Poe Avenue, Dayton, Ohio 45414.

14.    Mr. Tith was hired by the Defendant in June 1997.

15.    At all times during his employment, Mr. Tith has been paid at an hourly rate.

16.    Mr. Tith is paid on a weekly basis, with the amount earned each week dependent upon the number of hours worked.

17.    As of the filing of this action, Mr. Tith's hourly wage is $20.61.

18.    At all times relevant, Mr. Tith was regularly scheduled to work Monday through Friday.

19.    The Defendant utilizes an electronic timekeeping system known as Kronos.

20.    Mr. Tith's supervisor, Plant Manager Ted Anielski, wrongfully reduced the recorded amount of time worked recorded in Kronos by Mr. Tith and similarly situated employees, to the Defendant's benefit, by manually editing employees' clock-in and clock-out times.

21.    Company policy permits two paid, fifteen-minute breaks per shift and one thirty-minute, unpaid meal break. The meal break was automatically deducted from time worked.

3

22.   Except when on company-permitted breaks, Mr. Tith continuously performed his job duties throughout his shift.

23.   Mr. Tith, with the Defendant's knowledge, frequently worked through his unpaid meal break.

24.   Based upon information and belief, the Defendant had knowledge or reason to know that similarly situated employees worked through their unpaid meal breaks.

25.   The Defendant does not have a policy or procedure permitting employees to claim the automatically-deducted time spent working during meal breaks.

26.   Mr. Tith and similarly situated employees were not paid for time worked during the meal break.

27.   Mr. Tith and other employees were also required to open the plant on Sundays for deliveries.

28.   The Defendant's employee handbook indicates that time worked will be paid at a rate double the standard wage.

29.   The Defendant had a policy of limiting the amount of time paid for opening the plant on Sundays to thirty minutes, even if the employees worked in excess of thirty minutes.

30.   Mr. Tith and similarly situated employees were paid their standard wage, as opposed to double time, for the thirty minutes he was permitted to record.

**V. CAUSES OF ACTION**

**FIRST CLAIM FOR RELIEF – FLSA OVERTIME COMPENSATION**

31.   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

32.   Mr. Tith and similarly situated employees are nonexempt employees under the FLSA.

4

33.    Mr. Tith and similarly situated employees are entitled to overtime pay for all hours in excess of 40 worked during each seven-day workweek.

34.    At all times relevant, Mr. Tith regularly worked more than 40 hours per week.

35.    Based upon information and belief, similarly situated employees regularly worked more than 40 hours per week.

36.    Even though Mr. Tith and similarly situated employees worked in excess of 40 hours per week, the Defendant failed to pay all hours worked in excess of 40 per week.

37.    The Defendant has violated the FLSA by failing to pay Mr. Tith and similarly situated employees overtime for all hours worked in excess of 40 hours per week. Similarly, the Defendant has failed to pay wages owed to Mr. Tith and similarly situated employees.

38.    The Defendant did not make a good faith effort to comply with the FLSA.

39.    The Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

40.    In further violation of the FLSA, the Defendant has failed to maintain accurate employee pay records, including the number of hours worked per workweek, by Mr. Tith and similarly situated employees.

41.    The Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation owed to Mr. Tith, and to all other similarly situated employees.

42.    Mr. Tith and similarly situated employees seek an amount of backpay equal to the unpaid overtime compensation as permitted by the FLSA.

43.    Mr. Tith and similarly situated employees seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided for by the FLSA along with post-judgment interest at the highest rate allowed by law.

## SECOND CLAIM FOR RELIEF – OHIO WAGE PAYMENT ACT

44.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully

        rewritten herein.

45.     Mr. Tith pleads for recovery of his unpaid wages under Ohio Revised Code § 4111.03,

        otherwise known as the "Ohio Wage Payment Act."

## THIRD CLAIM FOR RELIEF – BREACH OF CONTRACT

46.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully

        rewritten herein.

47.     By and through practice and course of conduct, the Defendant contracted with Mr. Tith

        and similarly situated employees to pay a regular wage for the first 40 hours worked and

        an overtime wage, calculated as one and a half times the regular wage, for time worked in

        excess of 40 hours.

48.     The Defendants, by and through the employee handbook, entered into a contract with

        employees whereby employees are paid double time for time worked on Sundays.

49.     The Defendant breached the above referenced contracts by failing to pay for the total

        number of hours worked and failing to pay double time for hours worked on Sundays.

50.     As a result of the Defendants breach, Mr. Tith and similarly situated employees have

        suffered damages in an amount to be determined.

## FOURTH CLAIM FOR RELIEF – UNJUST ENRICHMENT

51.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully

        rewritten herein.

52.     The Defendant should have paid Mr. Tith and similarly situated employees all overtime

        pay earned through the period of their employment.

6

53. The Defendant has been unjustly enriched as a result of its improper and unlawful conduct in an amount to be determined.

## FIFTH CLAIM FOR RELIEF – BREACH OF FIDUCIARY DUTY

54. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

55. The Defendant, as employer, owed certain fiduciary duties to its employees.

56. The Defendant assumed a position of trust and confidence to maintain accurate records of time worked and calculate the wage earned by its employees.

57. The Defendant breached its fiduciary duties wrongfully reducing the hours worked recorded on its employees' time cards.

58. The Defendant acted with actual malice by wrongfully reducing the hours worked recorded on its employees' time cards.

59. As a result of the Defendant's breach of fiduciary duties, Mr. Tith and similarly situated employees suffered damages in an amount to be determined.

60. As a result of the Defendant's actual malice, Mr. Tith and similarly situated employees are entitled to punitive damages.

## VI. FLSA COLLECTIVE ACTION ALLEGATIONS

61. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

62. Mr. Tith files the FLSA Collective Action as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Mr. Tith's consent to opt-in to this collective action is attached hereto as Exhibit A.

63. The class that Mr. Tith seeks to represent may be described as follows:

>All current and former hourly employees of ThyssenKrupp Materials NA Inc., and any subsidiary or affiliate company of ThyssenKrupp Materials NA Inc., (1) who worked at any business located in the United States that was owned, operated, and/or acquired by ThyssenKrupp Materials NA Inc. during the class period, and (2) who either claim they were required to perform work off-the-clock and were not paid overtime pay and wages owed to them or who's hours worked were wrongfully reduced.

64. Mr. Tith seeks to represent only those members of the above described "Collective Action Class" who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Mr. Tith's counsel as required by 29 U.S.C. § 216(b).

65. Those persons who choose to opt in, hereinafter referred to as the "Plaintiff Collective Action Class" will be listed on subsequent pleadings and copies of their written consents to sue will be filed with the Court.

66. Based upon information and belief, this action is appropriate for class action status because the Defendant has acted in the same manner with regards to Members of the Plaintiff Collective Action Class.

67. Other employees have been victimized by the patterns, practices, and policies of the Defendant that are in violation of the FLSA.

68. Mr. Tith has knowledge that the illegal practices and policies of Defendant have been imposed on other workers.

69. Other similarly situated employees have been denied their lawful wages.

70. Accordingly, the Defendant's patterns or practices of failing to pay the employees overtime pay as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of the Members of the Plaintiff Collective Action Class.

8

71.   Mr. Tith's experiences are typical of the experience of the Members of the Plaintiff

      Collective Action Class.

72.   The specific job titles or job requirements of the various Members of the Plaintiff

      Collective Action Class do not prevent collective treatment.

73.   All employees, regardless of their job requirements or rates of pay, who are denied

      overtime compensation for hours worked in excess of 40 per week, are similarly situated.

74.   Although the issue of damages may be individual in character, there is no detraction from

      the common nucleus of liability facts.

## VII. OHIO STATE LAW CLASS ACTION ALLEGATIONS

75.   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully

      rewritten herein.

76.   Mr. Tith files this action as a class action under Federal Rule of Civil Procedure 23.

77.   The class that Mr. Tith seeks to represent can be described as follows:

> All current and former hourly employees of ThyssenKrupp
> Materials NA Inc., and any subsidiary or affiliate company of
> ThyssenKrupp Materials NA Inc., (1) who worked at any business
> located in the State of Ohio that was owned, operated, and/or
> acquired by ThyssenKrupp Materials NA Inc. during the class
> period, and (2) who either claim they were required to perform
> work off-the-clock and were not paid overtime pay and wages
> owed to them or who's hours worked were wrongfully reduced.

78.   Based upon information and belief, the above defined "State Law Class" is so numerous

      that joinder of all members is impracticable.

79.   Based upon information and belief, the Defendant has eight locations in Ohio each with

      employees that meet the description of the State Law Class.

80.   Based upon information and belief, the Defendant wrongfully reduced the hours worked

      of all members of the State Law Class in the same or similar manner.

81.   Because the Defendant acted in the same or similar manner with respect to Members of the State Law Class, the claims of Mr. Tith are typical of the State Law Class.

82.   Mr. Tith will fairly and adequately protect the interests of the State Law Class.

83.   Because the Defendant acted in the same or similar manner with respect to Members of the State Law Class, questions of law or fact common to the State Law Class predominate over individual questions of law or fact.

## VIII. ATTORNEY FEES

84.   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten here.

85.   Mr. Tith and similarly situated employees are entitled to recover reasonable attorneys' fees and costs for bringing this action pursuant to the FLSA.

86.   Mr. Tith and similarly situated employees are entitled to recover reasonable attorneys' fees and costs for bringing this action pursuant to the Ohio Wage Payment Act.

## IX. PUNITIVE DAMAGES

87.   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

88.   As a result of the Defendant's willful and wanton actions conducted with actual malice, Mr. Tith and Members of the State Law Class are entitled to punitive damages, including attorneys' fees and expenses.

## X. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kosal Tith, and all others similarly situated, respectfully request that upon final hearing, the Court grant Mr. Tith, and all others similarly situated, relief as follows:

a.   Declare that the Defendant has violated the FLSA, 29 U.S.C. § 201 *et seq*. by failing to pay Mr. Tith and similarly situated employees overtime pay at one and one half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period.

b.   Declare that the Defendant has violated Ohio state law, specifically O.R.C § 4111.03, by failing to pay Mr. Tith and similarly situated employees overtime pay at one and one half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period.

c.   Order the Defendant to pay Mr. Tith, and all others similarly situated, the difference between what they should have received for overtime hours worked and what they were actually paid, together with an equal amount as liquidated damages.

d.   Order the Defendant to pay Mr. Tith, and all other similarly situated employees' reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

e.   Order the Defendant to pay Mr. Tith, and all other similarly situated employees, damages in the amount of contracted-for unpaid wages.

f.   Order the Defendant to pay Mr. Tith, and all other similarly situated employees, damages equal to the amount the Defendant has been unjustly enriched.

g.   Order the Defendant to pay Mr. Tith, and all other similarly situated employees, damages equal to the loss suffered through the Defendants breach of its fiduciary duties.

h.   Order the Defendant to pay post judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against the Defendant.

i.   Order the Defendant to pay punitive damages in an amount to be determined at trial.

j.   Order all further relief; whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Mr. Tith and to all others similarly situated.

Respectfully submitted

BIESER, GREER & LANDIS, LLP

/s/ Charles F. Shane
Charles F. Shane (0062494), Trial Attorney
Thomas M. Hess, Jr. (0089667)
BIESER, GREER & LANDIS LLP
400 PNC Center
6 North Main Street
Dayton, Ohio 45402-1908
Telephone: (937) 223-3277
Facsimile: (937) 223-6339
E-mail: cfs@bgllaw.com; tmh@bgllaw.com
Attorneys for Plaintiff

## JURY DEMAND

The Plaintiff, Kosal Tith, and all other similarly situated, hereby demands that this matter be heard by a jury of his peers.

BIESER, GREER & LANDIS LLP

By: Charles F. Shane
Charles F. Shane (0062494)

3271.213181/418865.1