**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - DAYTON**

| | | |
|---|---|---|
| KOSAL TITH, | ) | CASE NO. 3:13-CV-284 |
| | ) | |
| Plaintiff, | ) | JUDGE RICE |
| | ) | |
| vs. | ) | |
| | ) | **RULE 26(f) REPORT OF THE** |
| THYSSENKRUPP MATERIALS NA, | ) | **PARTIES** |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

1.  Pursuant to Fed. R. Civ. P. 26(f), the parties met on November 12, 2013. The meeting was attended by:

    Charles F. Shane _____ counsel for plaintiff(s)_____
    James H. Greer _____ counsel for plaintiff(s)_____
    Thomas M. Hess, Jr. _____ counsel for plaintiff(s)_____
    William J. O'Neill _____ counsel for defendant(s)_____
    Douglas B. Schnee _____ counsel for defendant(s)_____
    _____ counsel for defendant(s)_____

2.  **The parties:**

    ___ have provided the pre-discovery disclosures required by Rule 26(a)(1), including a medical package (if applicable).
     X  will exchange such disclosures by December 16, 2013.
    ___ are exempt from disclosure under Rule 26(a)(1)(B).

3.  **The parties:**

    ___ unanimously consent to the jurisdiction of the assigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).
     X  do not unanimously consent to the jurisdiction of the assigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).
    ___ unanimously give contingent consent to the jurisdiction of the assigned United States Magistrate Judge pursuant to 28 U.S.C. 5 636(c), for trial purposes only in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

{4577975:}

4. **Recommended cut-off date for filing of motions directed to the pleadings:** February 3, 2014, including anticipated motion to dismiss and/or strike the class allegations.

5. **Recommended cut-off date for filing any motion to amend the pleadings or to add additional parties:**

    - <u>Plaintiff</u>: The Plaintiff proposes March 3, 2014 to add parties or amend the pleadings.
    - <u>Defendant</u>: The Defendant proposes December 16, 2013 to add additional parties or amend the pleadings; Plaintiff has waived his right to amend the pleadings to add new claims.

6. **Recommended discovery plan:**
    1. **Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions and (3) prepare for trial:** Discovery will focus on alleged uncompensated overtime worked by Plaintiff and whether there are similarly situated employees. The parties anticipate exchanging written discovery and conducting depositions.

    2. **What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to interrogatories/requests for admissions and the limitation of ten depositions, each lasting no more than one day consisting of seven hours?**

        - <u>Plaintiff</u>: The Plaintiff anticipates that the Federal Rules of Civil Procedure will need to be modified to permit broader discovery. The Plaintiff objects to the Defendant's proposal to conduct discovery in Phases.
        - <u>Defendant</u>: The Defendant objects to any deviation from the Federal Rules of Civil Procedure. Given the way the claims are pled, Defendant proposes focusing discovery initially on Plaintiff's individual claims as a first phase, and thereafter, will propose a schedule for broader discovery in a second phase if needed. Defendant anticipates filing a motion for summary judgment at the conclusion of Phase 1. Defendant's proposal contemplates completing Phase 2 discovery, if necessary, by Plaintiff's proposed cut-off date for all discovery (December 15, 2014). See below.

7. **Additional recommended limitations on discovery:** <u>N/A</u>

8. **Recommended date for disclosure of lay witnesses:**
    - <u>Plaintiff</u>: The Plaintiff proposes that it disclose lay witnesses relevant to all claims by September 1, 2014; Defendant to disclose by September 15, 2014.

- Defendant:  The Defendant proposes Plaintiff disclose witnesses relevant to Phase 1 and his individual claims by January 30, 2014; Defendant to disclose by February 14, 2014.  Defendant objects to Plaintiff's proposal because it would provide Defendant only 3 ½ months before the end of Plaintiff's proposed discovery deadline to depose witnesses he identifies.

9. **Describe the areas in which expert testimony is expected and indicate whether each expert has been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2).**
   - Plaintiff:  Plaintiff anticipates retaining experts related to damages and Information Technology, if necessary.
   - Defendant: Defendant has not yet determined subjects on which expert testimony may be needed.

10. **Recommended date for making primary expert designations**:
    - Plaintiff: July 14, 2014
    - Defendant: Defendant objects to setting a schedule as to any class/collective claim-related expert witnesses at this juncture.  To the extent there are proposed experts related to individual claims, Defendant requests 90 days after Plaintiff's identification of such experts to depose Plaintiff's expert and identify its own expert.

11. **Recommended date for making rebuttal expert designations**
    - Plaintiff: 60 days after Defendant's primary expert designation, if applicable.
    - Defendant: See response to item 10 above.

12. **Recommended date for requests for admission:**
    - Plaintiff:  The Plaintiff proposes September 15, 2014 with respect to all claims.
    - Defendant:  The Defendant proposes that, with respect to Phase 1, February 14, 2014.

13. **Recommended discovery cut-off date:**
    - Plaintiff:   The Plaintiff proposes December, 15, 2014 with respect to all claims.
    - Defendant: The Defendant proposes a discovery cut-off of April 1, 2014 with respect to Phase 1 discovery and that the parties will submit a proposed schedule for Phase 2 on April 15, 2014, which will provide for discovery cut-off on December 15, 2014.  Defendant anticipates moving for summary judgment on Plaintiff's individual claim at the close of Phase 1 discovery.

14. **Recommended dispositive motion date:**
    - Plaintiff:  The Plaintiff proposes February 16, 2015 with respect to all claims.
    - Defendant:  The Defendant proposes May 16, 2014 for any dispositive motion directed at the individual claims of named Plaintiff.   Defendant proposes to submit a briefing schedule with respect to a motion for summary judgment as to class/collective claims (if necessary) within 30 days after the court renders a decision on appropriateness of class/collective treatment

15. **Recommended date for a status conference (if any):**  April, 2014

{4577975:}

- 3 -

16. **Suggestions as to type and timing of efforts at Alternative Dispute Resolution.** Mediation may be appropriate at some time in the future.

17. **Recommended date for a final pretrial conference.** To be discussed at status conference.

18. **Has a settlement demand been made?** <u>No</u> A response? _____

19. **Date by which a settlement demand can be made**:

    - <u>Plaintiff</u>: As to Mr. Tith individually, March 13, 2014, conditioned upon the production of records necessary to calculate damages. As to the class, once a ruling as to conditional certification is made and discovery regarding class members' damages is complete.
    - <u>Defendant</u>: November 29, 2013

20. **Date by which a response can be made:** <u>45 days after the demand is submitted by Plaintiff</u>

21. **Other matters pertinent to scheduling or management of this litigation:** The parties may need to revisit scheduled dates dependent upon the outcome of anticipated motions for summary judgment on Plaintiff's individual claims, to strike/dismiss class and collective allegations, and for conditional certification and class size.

22. **Deadline for Plaintiff's Motion for Class/Collective Certification:**
    - <u>Plaintiff:</u>  The Plaintiff proposes February 16, 2015. Defendant's Response to Motion for Class/Collective Certification (if any):  60 days after the Plaintiff files it Motion for Certification.
    - <u>Defendant</u>: The Defendant proposes a briefing schedule with regard to the Motion for Class Certification will be submitted on April 15, 2014, if needed.

To be signed by the counsel for all parties and individually by any parties proceeding pro se.

- 5 -

|  | Respectfully submitted, |
|---|---|
| */s/ Charles F. Shane* | */s/ William J. O'Neill* |
| Charles F. Shane, Esq. (0062494) Trial Attorney | William J. O'Neill, Esq. (0029936) Trial Attorney |
| James H. Greer, Esq. (0046555) Trial Attorney | Douglas B. Schnee, Esq. (0063643) Trial Attorney |
| Thomas M. Hess, Jr., Esq. (0089667) | McDONALD HOPKINS LLC |
| BIESER, GREER & LANDIS | 600 Superior Avenue, East – 21st Floor |
| 6 North Main Street | Cleveland, OH 44114 |
| 400 PNC Center | woneill@mcdonaldhopkins.com |
| Dayton, OH 45402 | dschnee@mcdonaldhopkins.com |
| cfs@bgllaw.com | Phone:  (216) 348-5400 |
| jhg@bgllaw.com | Fax:  (216) 348-5474 |
| tmh@bgllaw.com |  |
| Phone:  (937) 223-3277 | Nigel F. Telman, Esq. |
|  | PROSKAUER ROSE LLP |
| *Counsel for Plaintiff* | Three First National Plaza |
|  | 70 West Madison |
|  | Suite 3800 |
|  | Chicago, IL 60602-4342 |
|  | ntelman@proskauer.com |
|  | Phone (312) 962-3548 |
|  | Fax:  (312) 962-3551 |
|  |  |
|  | Katharine H Parker, Esq. |
|  | PROSKAUER ROSE LLP |
|  | Eleven Times Square |
|  | (Eighth Avenue & 41st Street) |
|  | New York, NY  10036-8299 |
|  | kparker@proskauer.com |
|  | Phone:  (212) 969-3009 |
|  | Fax  (212) 969-2900 |
|  |  |
|  | *Counsel for Defendant* |

## CERTIFICATE OF SERVICE

    I hereby certify that, on November 18, 2013 the foregoing RULE 26(f) REPORT OF THE PARTIES was electronically filed using the Court's CM/ECF system, which will send notification of filing to all counsel of record.

                                              */s/ William J. O'Neill*
                                              WILLIAM J. O'NEILL (0029936)

                                              *Counsel for Defendant*